## Reale, etc., v. Board of Adjustment

*H. Goodfriend,* for appellant.
*Joseph D. Sharfsin,* city solicitor, for respondent.

BROWN, JR., J., August 5, 1936.—This is an appeal from the Board of Adjustment of the City of Philadelphia. Appellant purchased 1204 Reed Street, Philadelphia, on December 30, 1924, and 1206 Reed Street on October 11, 1927, and, since 1924 as respects 1204 Reed Street, and since 1927 as respects 1206 Reed Street, he has continuously conducted, operated and maintained a steam laundry therein. On May 11, 1936, he made application to the Bureau of Engineering, Surveys and Zoning of the City of Philadelphia for a permit to erect a one-story addition in the rear of 1204 Reed Street and a two-story addition in the rear of 1206 Reed Street. A permit was refused by the bureau because the provisions of the Philadelphia Zoning Ordinance of August 10, 1933,

(Ordinances and City Solicitor's Opinions (1933) 268) had not been complied with, in that "this addition would increase the occupied area to one hundred (100) per cent for the first floor and leave no rear yard on the first or second story". The premises are in an "A" commercial district, in which buildings may not occupy more than 75 percent of the lot area. From this action of the bureau an appeal was taken by him to the board of adjustment, and the board, having held public hearing after due notice, refused a variance from the terms of the ordinance, but did not give any reason for its decision.

Twelve hundred and four and 1206 Reed Street are in a district classified in the ordinance as " 'A' Commercial", in which the "use of buildings or premises" for a steam laundry is not permitted. However, appellant had used them for such purpose for some years prior to the passage of the ordinance, and so he was permitted, under the express provisions of section 4 thereof, to continue to use them as such. It is stated in paragraph 2 of that section:

"Any building or the use of any building existing at the time of the passage of this ordinance that does not conform in use, height, location, size or bulk with the regulations of the district in which it is located, shall be considered a non-conforming building or use, and may continue such use in its present location, but shall be subject to the regulations covering non-conforming uses".

Paragraph 6 of section 4 provides that:

"A non-conforming use in a building may be continued in its existing location . . . and such use may be extended; *provided*, no addition or structural alteration for such non-conforming use shall exceed twenty-five (25) per cent. of the area of said building at the time of the approval of this ordinance and any and all such extensions or additions shall be in conformity with the several provisions and regulations of this ordinance for the district where the building is located."

The testimony presented at the hearing upon the present appeal shows clearly that the total area of the proposed additions is much less than 25 percent of the area of appellant's buildings at the time the ordinance was approved. The testimony discloses also, however, that the buildings on 1204 and 1206 Reed Street occupy the entire areas of the two lots, and so do not comply with the area regulations for the district, which prescribe, inter alia, that not more than 75 percent of the lot area shall be occupied by buildings. But paragraph 7 of section 4 of the ordinance provides:

"Existing buildings in commercial, industrial and least restricted districts, that do not conform to district requirements for area and/or height may be extended in height; *provided*, that any addition to the existing heights of such building shall conform to the recession plane regulations on all street frontages and to the open area requirements for their existing heights as prescribed for the district."

It is clear, therefore, that although appellant's buildings are not in conformity with the district requirements for area they may be extended in height.

This extension is, of course, subject to the proviso that it conforms "to the recession plane regulations on all street frontages and to the open area requirements for their existing heights as prescribed for the district", and, as the "addition to the existing heights of" appellant's buildings will be less than the minimum height limits established for the fronts, sides and rears of buildings within the district, it is not necessary to consider or refer to the recession plane requirements.

It is thus apparent that the proposed additions to 1204 and 1206 Reed Street, which are to be built on top of the present one-story buildings in the rear of the premises making them respectively two- and three-story buildings (without extending the walls except in height), are within the terms and provisions of the ordinance, and that the permit for which appellant applied should have been

granted by the Bureau of Engineering, Surveys and Zoning. Upon appeal to it, the board of adjustment should have reversed the action of the bureau and granted the permit. Instead of doing so, it refused a "variance from the terms of the" ordinance, but no variance from the terms of the ordinance was involved. True, that question was presented to the board in the appeal to it by appellant from the bureau's refusal to issue a permit for an addition to the building on 1208 Reed Street and to operate a steam laundry therein, but as no appeal has been taken from the board's decision relative to that property it is not before the court.

The decision of the board of adjustment is, therefore, reversed, and the board is directed to grant to appellant a permit to erect a one-story addition in the rear of 1204 Reed Street and a two-story addition in the rear of 1206 Reed Street.